IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DWAYNE WRIGHT,

                Petitioner,

      v.

MIKE POWER, et al.,

                Respondent.

Civil Action No. 07-1415 (JBS)

**OPINION**

**APPEARANCES:**

    DWAYNE WRIGHT, #205139
    East Jersey State Prison
    Rahway, New Jersey  07065
        Petitioner Pro Se

**SIMANDLE, District Judge**

    DWAYNE WRIGHT (hereinafter "Petitioner") filed a Petition

for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254

(hereinafter "Petition"), accompanied by a memorandum of law

(hereinafter "Memorandum").  Having thoroughly reviewed

Petitioner's papers and this Court's docket and, for the reasons

expressed below, this Court will dismiss the Petition for lack of

jurisdiction and deny a certificate of appealability.

**BACKGROUND**

    Petitioner challenges a judgment of conviction in the

Superior Court of New Jersey, Law Division, Burlington County,

after a jury convicted him of various offenses.  On August 29, 1986, the Law Division sentenced Petitioner to life imprisonment. See Pet. ¶¶ 1-3; Mem. at 2.  On May 24, 1989, the Superior Court of New Jersey, Appellate Division affirmed Petitioner's conviction but modified the sentence.  See Pet. ¶¶ 9(a)-9(c); Mem. at 2.  The Supreme Court of New Jersey denied Petitioner certification on October 10, 1989.  See Pet. ¶9; State v. Wright, 118 N.J. 193 (1989).

On an unstated date prior to April 4, 1990, "Petitioner sought habeas corpus relief [by filing his previous § 2254 petition (hereinafter "Previous Petition") challenging Petitioner's Burlington County conviction of 1986], which was initially dismissed without prejudice [by an order issued] on April 4, 1990 [(hereinafter "April Order")]" for failure to exhaust state remedies.  Mem. at 2; Wright v. Beyer, Civil No. 90-1559 (JCL), Docket Entry No. 9.  On May 9, 1990, upon Petitioner's motion to vacate the April Order on the grounds that Petitioner duly exhausted all available state remedies, the Court vacated the April Order, directed the Clerk of the Court to reopen the matter and directed respondents named in Petitioner's Previous Petition to submit their answer.  See Wright v. Beyer, Civil No. 90-1559 (JCL), Docket Entry No. 9.   On July 31, 1991, United States District Judge John C. Lifland examined Petitioner's challenges to Petitioner's conviction and denied the

Previous Petition *on merits*.  See <u>Wright v. Beyer</u>, Civil No. 90-1559  (JCL), Docket Entry No. 13.

Petitioner filed his instant § 2254 petition on March 20, 2007, re-challenging his Burlington County conviction of 1986. See <u>Wright v. Power</u>, Civil No. 07-1415 (JBS), Docket Entry No. 1.


## <u>DISCUSSION</u>

Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

On April 24, 1996, Congress enacted the AEDPA, which limits a district court's jurisdiction over second or successive § 2254 petitions.  See <u>Burton v. Stewart</u>, 127 S. Ct. 973, 976 (2007). As a procedural matter, § 2244(b)(3)(A) "establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" <u>Benchoff v. Colleran</u>, 404 F.3d 812, 816 (3d Cir. 2005) (quoting <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996)).  Specifically, the AEDPA provides:  "Before a second or successive application . . . is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the

district court to consider the application."  28 U.S.C. §

2244(b)(3)(A).  Once a petitioner moves for authorization to file

a second or successive § 2254 application, a three-judge panel of

the court of appeals must decide whether there is a prima facie

showing that the application satisfies the substantive

requirements of § 2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D);

Benchoff, 404 F.3d at 816.

> The substantive standard requires dismissal of a claim that

was presented in a prior § 2254 petition, and requires dismissal

of a new claim presented in a "second or successive" § 2254

petition, unless one of two standards is satisfied.  See 28

U.S.C. § 2244(b)(1) and (2).  Specifically, the statute provides:

> (1)  A claim presented in a second or successive habeas
> corpus application under section 2254 that was
> presented in a prior application shall be dismissed.

> (2)  A claim presented in a second or successive habeas
> corpus application under section 2254 that was not
> presented in a prior application shall be dismissed
> unless:

>> (A) the applicant shows that the claim relies
>> on a new rule of constitutional law, made
>> retroactive to cases on collateral review by
>> the Supreme Court, that was previously
>> unavailable; or

>> (B)(i) the factual predicate for the claim
>> could not have been discovered previously
>> through the exercise of due diligence; and

>> (ii) the facts underlying the claim, if
>> proven and viewed in light of the evidence as
>> a whole, would be sufficient to establish by

>           clear and convincing evidence that, but for
>           constitutional error, no reasonable
>           factfinder would have found the applicant
>           guilty of the underlying offense.

28 U.S.C. § 2244(b)(1), (b)(2).

"Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the [second or successive] petition."  Benchoff, 404 F.3d at 816; accord Burton, 127 S. Ct. at 796.

Although the AEDPA does not define "second or successive," a new application for habeas corpus relief is successive and may not be entertained by a district court, absent authorization from the Court of Appeals*, where a prior application challenging the same conviction was adjudicated on the merits*.  See Burton, 127 S. Ct. at 796-98.  A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)."  Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).[1]

---

[1]  In Gonzalez, the Supreme Court held that a petitioner's motion to alter or amend an order dismissing a § 2254 application, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which alleged that in dismissing the petition as time barred, the district court misapplied the federal statute of limitations, does not constitute a "second or successive" § 2254 petition.  "If neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute [limiting successive petitions] or rules."  Id. at p. 2648.  The Gonzalez Court

The Petition before this Court constitutes a "second or successive" petition because Honorable John C. Lifland in his memorandum opinion, see Wrightv. Beyer, Civil No. 90-1559, Docket Entry No. 13, "substantively addressed federal grounds for setting aside [Petitioner's] state conviction." Gonzalez, 545 U.S. at 533.  Since Petitioner has not obtained authorization from the Court of Appeals to file the present Petition, as required by § 2244(b), this Court lacks jurisdiction over the Petition.  See Burton, 127 S. Ct. at 796, 799.

Under 28 U.S.C. § 1631, a district court may transfer a motion requesting authorization to file a second or successive petition to the court of appeals when that motion has been erroneously brought before the district court.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").  Since none

---

reasoned that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."  Id. at p. 2649 (emphasis in original); see also Benchoff v. Colleran, 404 F.3d 812 (second § 2254 petition challenging the denial of parole was a "second or successive" petition within 28 U.S.C. § 2244(b) because the factual predicate (the decision denying parole) for the claim had arisen before Benchoff filed his first § 2254 petition challenging his underlying conviction, which was decided on the merits).

of the claims Petitioner presents here relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence, this Court declines to transfer the Petition, and will dismiss the Petition for lack of jurisdiction.[2]  See 28 U.S.C. § 2244(b)(2).

_____

## CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

_____

[2]  However, no statement made in the instant Opinion should
be interpreted to mean that Petitioner is precluded from seeking
an authorization from the Court of Appeals to file a "second or
successive" petition.

The Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.

## CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.  The accompanying Order is entered.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge


**May 10, 2007**
Date

8